Filed 9/9/15  P. v. Shaw CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063495 |
| v. | (Super.Ct.No. FVA00085) |
| RONALD JAMES SHAW, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Ronald James Shaw, in pro. per.; Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On January 27, 2015, defendant and appellant Ronald James Shaw filed a "Motion To Correct A Prior Conviction" in the superior court.  On February 20, 2015, the court

denied the motion.  After defendant filed the notice of appeal, this court appointed appellate counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying three potentially arguable issues:  (1) whether the court erred in finding defendant's 1993 conviction for second degree robbery a serious felony; (2) whether the court erred in denying defendant's motion if considered a Penal Code section 1170.126[1] petition; and (3) whether the court erred in denying defendant's motion if considered a section 1170.18 petition.

Defendant was offered the opportunity to file a personal supplemental brief, which he has done.  In his brief, defendant contends the trial court erred in finding his prior conviction qualified as a serious felony.  We affirm.

## I.  FACTUAL AND PROCEDURAL HISTORY

On January 18, 1993, a Kmart store loss prevention officer (the victim) was alerted to a woman seen shoplifting.  The victim saw the woman packing clothes into a duffle bag which belonged to the Kmart store.  The woman left the store with the duffle bag and the victim attempted to stop her.  The woman resisted and the two became embroiled in a struggle.  The victim identified defendant as the individual who then grabbed "her shoulder and the back of her head holding onto her hair."  Defendant then grabbed her and rammed her "head first into the exterior wall of the K-Mart three times

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

. . . ." The victim obtained, and provided to the police, the make, model, color, and license plate of defendant's car as he drove away with the woman inside. The victim believed defendant had been waiting outside for the woman.

On January 25, 1993, the People charged defendant by felony complaint with second degree robbery by means of force and fear. The complaint specifically reflected the offense was "a serious felony within the meaning of . . . Section 1192.7[, subdivision] (c)(19)." The complaint additionally alleged defendant had suffered a prior serious felony conviction under former section 667, subdivision (a).

Defendant pled guilty as charged on count 1 and admitted the prior conviction allegation. In return, the People agreed to a two-year prison term with a five-year term on the enhancement which was stricken pursuant to a *Cruz*[2] waiver when defendant showed up at sentencing. The police report provided the factual basis for the plea.

On May 6, 2003, a jury convicted defendant of petty theft with a prior. (§ 666). (*People v. Shaw* (Feb. 15, 2005, E035425) [nonpub. opn.] [at pp. *1-*2]; *In re Ronald James Shaw* on Habeas Corpus, case No. E050530, p. 2.)[3] The trial court found true allegations defendant had suffered two prior strike convictions. The court sentenced defendant to 25 years to life in state prison. On appeal, defendant contended the court abused its discretion by refusing to dismiss one of his prior convictions pursuant to

---

[2] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254.

[3] We take judicial notice of this court's file in case No. E050530, defendant's petition for writ of habeas corpus filed in this court on April 2, 2010. (Evid. Code §§ 452, subd. (d), 459.)

*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. We affirmed the judgment. (*People v. Shaw*, *supra*, E035425 [at p. *2].)

On July 20, 2009, the superior court denied defendant's petition for writ of habeas corpus. On April 2, 2010, defendant filed a petition for writ of habeas corpus in this court in which he contended his conviction for second degree robbery could not legally be used as a prior strike enhancement because the court failed to obtain a factual basis for the offense establishing that it was a serious felony. On April 15, 2010, we summarily denied the petition.

On January 27, 2015, defendant filed a "Motion To Correct A Prior Conviction" in the superior court. Defendant repeatedly contended he pled guilty to "a non-serious felony of 2nd degree robbery." On February 20, 2015, the court denied defendant's motion. The court noted defendant "pled guilty to [section] 211 . . . , which is a 'serious felony' pursuant to [section] 1192.7[, subdivision] (c)(1)(19) . . . ." On April 21, 2015, defendant filed a notice of appeal from the court's order indicating his appeal's legal basis was "[o]ther," but not specifying, as requested on the form, what that basis was.

## II. DISCUSSION

Defendant contends the court below erred in determining his prior conviction for second degree robbery qualified as a prior serious felony conviction and, hence, as a prior strike conviction for purposes of enhancing his sentence to an indeterminate term of 25 years to life. We disagree.

4

First, defendant's "Motion To Correct A Prior Conviction" was substantively, though not in name, a petition for writ of habeas corpus. Defendant's remedy from the denial of a petition for writ of habeas corpus is the filing of an original petition for writ of habeas corpus in this court. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.) Thus, we could simply summarily dismiss defendant's appeal. Nevertheless, we shall exercise our discretion to address the merits of defendant's appeal. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4.)

Second, defendant's claims could have, and should have, been raised in appeals from either of his convictions in 1993 or 2003. (See *In re Dixon* (1953) 41 Cal.2d 756, 759 ["The general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction."].) Indeed, in his appeal from his 2003 conviction, defendant argued the court should have stricken his 1993 conviction as a prior strike conviction. (*People v. Shaw*, *supra*, E035425 [at p. *2].)

Third, as noted above, defendant has already raised this exact issue in a previous habeas corpus petition filed in this court. This court is not required to consider successive petitions raising the same, or even different, issues which were raised, or not raised, in a previous petition. (§ 1475; *In re Clark*, *supra*, 5 Cal.4th at p. 771.)

Fourth and finally, defendant's claim fails on the merits. Defendant pled guilty to second degree robbery, an offense which is statutorily defined as a serious felony.

5

(§ 1192.7, subd. (c)(19) ["As used in this section, 'serious felony' means any of the following:" "robbery"].)  There is no such thing as "a non-serious felony of 2nd degree robbery."  Moreover, the felony complaint containing the charge to which defendant pled guilty explicitly reflected the offense was "a serious felony within the meaning of . . . Section 1192.7[, subdivision] (c)(19)."

Furthermore, the police report which established the factual basis for the plea reflected sufficient evidence that defendant aided and abetted the woman who stole property from the Kmart store by assaulting the loss prevention officer who attempted to stop the woman and by driving the woman away from the scene of the crime.  Defendant asserts in his brief that he was "personally unacquainted" with the woman; however, the police report reflects defendant informed the investigating officer that he knew the woman.  The victim believed defendant was waiting for the woman.  Thus, sufficient evidence supported the court's finding that defendant had been convicted of second degree robbery, a serious felony.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.  (§§ 1170.126 subd. (b) ["Any person serving an indeterminate term of life imprisonment . . . upon conviction . . . of a felony . . . that [is] not defined as serious . . . by . . . subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . ."], 1192.7, subd. (c)(19) ["robbery"], 1170.18, subds. (a)-(i) [a petition for recall of sentence requires the court to evaluate the petitioner's entire criminal conviction history, disciplinary record and record of rehabilitation, and

6

any other evidence in order to determine whether resentencing would pose an unreasonable risk of danger to public safety].)

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.